In the Matter of the Claim of EDWARD JUSTINGER, JR., Respondent, against BLACK ROCK MILLING CORP., Appellant, and STATE INSURANCE FUND. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of death benefits to a dependent blind child of the deceased employee. The Board has found that claimant has a ninety per cent loss of vision in each eye which is permanent; that the condition is progressive and may further deteriorate in time; by reason of all of which claimant is " substantially totally blind, and physically disabled and renders him totally, permanently disabled." Subdivision 1-a of section 16 of the Workmen's Compensation Law states that " The term dependent blind or crippled as used herein in relation to dependent children shall be deemed to mean totally blind or physically disabled children whose disablement is total and permanent." Appellant argues that as the claimant has sufficient vision so that he is able to travel about without outside aid he is not totally blind; that before an award can be made under said subdivision above quoted, the claimant must be shown to be " totally " blind. The subdivision, however, indicates that totally blind children are those whose disablement is total and permanent because of their inability to see. For all practical purposes claimant's blindness renders him totally and permanently disabled, and giving the law the broad and liberal construction required and giving to the language its ordinary and usual meaning, the claimant should be deemed blind for the purpose of determining dependency. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

HARRY O. BUTLER, Respondent, v. WILLIAM SURPRISE and Others, as Trustees of Union Free School District Number One of the Town of Santa Clara, Franklin County, New York, Appellants.— Defendants appeal from an order of the Special Term of the Supreme Court denying their motion to dismiss the complaint on the ground that the court has no jurisdiction of the subject of the action. The complaint alleges that plaintiff, a school teacher, was engaged by defendant to teach in the public schools of the district in which defendants were trustees for the school term of thirty-eight weeks to begin September 4, 1934. The contract provided that the compensation of plaintiff should be subject to change dependent upon State aid. During the term of the employment State aid was increased approximately thirty-two per cent over the previous year. Plaintiff brought his action to recover the additional sum. The Special Term held that the Supreme Court has jurisdiction of the action. The holding is correct. (Lorenz v. Board of Education, 264 N. Y. 591; Matter of O'Connor v. Emerson, 196 App. Div. 807.) Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.